Case 3:15-cv-00125   Document 27   Filed in TXSD on 10/04/16   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
October 04, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| IRVING BEO | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-15-125 |
| | § | |
| CENAC MARINE SERVICE, LLC | § | |
| and CTCO BENEFITS SERVICES, LLC | § | |

## **REPORT AND RECOMMENDATION**

Before the Court, by referral, is the Motion for Partial Summary Judgment of Defendants, Cenac Marine Service, LLC and CTCO Benefits Services, LLC (Cenac); the Motion seeks the dismissal of the maintenance and cure claims of Plaintiff, Irving Beo. The Court, having considered the Parties' submissions, now issues this Report and Recommendation.

On August 14, 2014, Beo, a Jones Act Seaman employed by Cenac, slipped and fell from the aft edge of a barge onto the deck of a Cenac tugboat. During the fall Beo's right shin hit the tug's railing which caused a "puncture" wound. Beo also hurt his back and neck. Beo's injuries required medical treatment which potentially obligated Cenac to pay maintenance and cure benefits pursuant to the Jones Act. In this case, Cenac wants relief from any further maintenance and cure obligations under the McCorpen[1] defense based,

---

[1] McCorpen v. Central Gulf Steamship Corp., 396 F.2d 547 (5th Cir. 1968) cert. denied, 393 U.S. 894.

in part, on Beo's alleged failure to disclose his prior back and neck injuries on his pre-employment questionnaire and during his pre-employment physical examination.

The concealment defense recognized in McCorpen will prevail if a vessel owner establishes that 1) the claimant intentionally misrepresented or concealed facts about his past medical history; 2) the non-disclosed facts were material to the vessel owner's decision to hire him; and 3) a connection exists between the undisclosed information and the injury made the basis of his current claim for maintenance and cure.

Before Beo was hired by Cenac, he completed a required employment application. The application specifically inquired whether Beo had ever had a back or neck injury or suffered back or neck pain. Beo answered "No" to each question. During his physical examination Beo told the physician the same thing. As a result Beo was approved for heavy-duty work. Cenac then hired Beo in mid-June 2014 and assigned him to the crew of its tug, the M/V FRITZ CERNAC. About two months later Beo was injured in the fall.

Cenac paid Beo maintenance and cure benefits, but after Beo filed suit discovery uncovered Beo's prior medical problems. Based upon Beo's past medical records Cenac now wants to be relieved of its maintenance and cure responsibilities. In support, Cenac asserts that the McCorpen defense bars his cure claim for his back and neck injuries; that his right shin injury has reached maximum cure; and that Beo "abandoned" his medical care, thereby forfeiting his right to cure.

In response, Beo argues that he "has never been shown to have had any prior on-the-job injury and resulting disability -- only **episodic complaints** of back pain of unclear origin." (emphasis in original).  However, Beo's prior back problems are well documented.  On February 19, 2007, he was seen at Willowbrook Memorial Hospital for moderate to sharp chronic back pain from a "possible recent injury" he suffered while lifting at work.  His back was x-rayed and the diagnosis was "acute lumbar strain."  Beo was still complaining of chronic low back pain, without improvement for more than a year, when seen at the Leonard J. Chabert Medical Center on July 16, 2007.  About one month later, on August 21, 2007, he again complained of low back pain at Chabert where, following an MRI, he was prescribed anti-inflamation medicine and muscle relaxers.  Then, over three years later, on August 31, 2010, he was again seen at Chabert with complaints of back pain and spasms and was prescribed pain medication.  In the opinion of this Court, Beo's prior chronic back problems were too long-lasting, severe and material[2] to have been inadvertently undisclosed to a potential Jones Act employer like Cenac.  Nor has Beo offered any evidence to reasonably infer that Cenac would have hired him even if he had disclosed his prior back problems.  Cf. Bosarge v. Cheramie Marine, LLC, 121 F.Supp. 3d 599, 604-5 (E.D. La. 2015).  Therefore, the Court finds that Cenac is entitled to successfully assert its McCorpen defense as to Beo's current back injury.

---

[2] "The fact that the questions were asked makes the answers material for McCorpen purposes." Hare v. Graham Gulf, Inc., 22 F.Supp. 3d 648, 654 (E.D. La. 2014).

3

McCorpen, however, ought not bar maintenance and cure attributable to Beo's neck injury, if any. McCorpen requires that Beo's claimed injury be to the same area of his body as the prior injury. Jauch v. Nautical Services, Inc., 470 F.3d 207, 212 (5th Cir. 2006). Beo's prior medical records are silent as to any neck injury or pain and the Court finds that Cenac's reliance on a prior complaint of "upper back" pain insufficient. Consequently, Cenac's McCorpen defense should be rejected as to Beo's alleged neck injury and pain. See Spencer v. Hercules Offshore, Inc., 2014 WL 1612440 (E.D. La., April 22, 2014) (Applying McCorpen to Spencer's back injury but not injuries to his legs.)

Whether Beo's shin injury, which is clearly not affected by McCorpen, has reached maximum cure is unclear. On April 28, 2015, Cenac's expert, Dr. Vanderweide, examined Beo and found, *inter alia*, "a healed abrasion" to his shin. He concluded that "(w)ithin reasonable medical probability his injuries resolve within 60-90 days of the injury event," and then branded Beo's reliance on the present condition of his injuries as being unjustifiably supported solely by the opinion of his treating physician, Dr. Berliner: an "iatrogenic" restriction. On the other hand, Berliner's most recent notation, dated April 16, 2015, mentioned the "laceration on right distal pretibial region," ordered an MRI of the lower leg and referred Beo for a future skin graft. From this evidence, the Court finds a material fact question precludes summary judgment. Cf. Ledlow v. Pride Offshore, Inc., 2000WL 713205 at *4 (E.D. La., May 31, 2002) (Summary judgment denied where two doctors differ in their opinions concerning maximum cure.)

Finally, the Court rejects Cenac's abandonment accusation. Cenac asserts that Beo declined the immediate offer of "medical aide by the Captain" of the vessel and then declined to seek treatment for fourteen days. But Beo testified that "no one on the boat could perform medical attention" and he used the peroxide that was available to treat his shin wound. He also testified that he tried to continue his shift by performing limited work following the accident and went to Cenac's physician when he came ashore. Cenac also claims Beo failed to attend follow-up appointments, but Beo testified he ceased going to Cenac's doctor because "the company doctor wanted to rush me back to work" despite his injuries and the "huge hole in my leg." According to Beo, he chose, instead, to see the doctor his attorney recommended. Cf. Caulfield v. AC & D Marine, Inc., 633 F.2d 1129, 1134 (5thCir. 1981) (Seaman may chose to see a physician other than one referred to by his employer without forfeiting cure benefits.) Citing, Oswalt v. Williamson Towing, Co., 488 F.2d 51, 54 (5th Cir. 1974). There is simply no evidence from which to infer that Beo intended to abandon all efforts to get medical treatment for his injuries.

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that the Motion for Partial Summary Judgment (Instrument no. 19) of Cenac be **GRANTED** only insofar as it seeks to avoid payment of maintenance and cure attributable to Beo's back injury and **DENIED** as to maintenance and cure benefits attributable to Beo's neck and shin injuries.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **October 19, 2016**, to file written objections.  <u>The Objections</u> <u>**SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300,</u> <u>Galveston, Texas 77553</u>.  Failure to file written objections within the prescribed time **SHALL** bar any Party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this      4th       day of October, 2016.

John R. Froeschner
United States Magistrate Judge